**FILED**

AUG 2 8 2006

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| THE AUSTER COMPANY, INC., an Illinois Corporation, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | |
| D & L PRODUCE AND FOOD SERVICES, INC., an Illinois corporation, GRECO & SONS, INC., an Illinois corporation, and DAVID FISHMAN, MASSIMO LOBUE, MATTEO LOBUE, EDUARDO E. GRECO, PASQUALE GRECO, FRANCINE GRECO, and SCOTT JAFFE, in their individual capacities, | **06CV4646
JUDGE GETTLEMAN
MAG. JUDGE COLE** |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

For its Complaint, The Auster Company, Inc., respectfully states as follows:

## THE PARTIES

1.    Plaintiff is The Auster Company, Inc. ("Plaintiff"), an Illinois corporation, which maintains its offices in Chicago, Illinois and;

2.    Plaintiff sells wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

3.    Defendants are:

a)    D & L Produce and Food Services, Inc. ("D & L"), an Illinois corporation and an entity that purchased and/or sold Produce in wholesale or jobbing quantities;

b)    Greco & Sons, Inc., ("Greco") an Illinois corporation with offices in Carol Stream, and upon information and belief, the purchaser of D & L's assets and liabilities;

c)    David Fishman ("Fishman"), in his individual capacity, a person in a position to control D & L;

d)      Massimo Lobue ("Massimo"), in his individual capacity, a person in a position to control D & L;

e)      Matteo Lobue ("Matteo"), in his individual capacity, a person in a position to control D & L;

f)      Eduardo Greco ("Eduardo"), in his individual capacity, a person in a position to control Greco;

g)      Pasquale Greco ("Pasquale"), in his individual capacity, a person in a position to control Greco;

h)      Francine Greco ("Francine"), in her individual capacity, a person in a position to control Greco; and

i)      Scott Jaffe, ("Jaffe"), in his individual capacity, a person in a position to control Greco.

(Fishman, Massimo and Matteo are referred to as the "D & L Principals") (D & L and D& L Principals are referred to as "D & L Defendants") (Eduardo, Pasquale, Francine, and Jaffe are referred to as "Greco Principals") (Greco and Greco Principals are referred to as "Greco Defendants")

4.      D & L purchased wholesale quantities of produce in interstate commerce in amounts sufficient to make it subject to the provisions of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §499a-499t (the "PACA").

JURISDICTION AND VENUE

5.      The District Court has jurisdiction over this civil action arising under § 5(c)(4) of the PACA, 7 U.S.C. § 499e(c)(4), pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue in this District is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, including the contracts for sale of Produce which are the subject of this action were formed in this district, and D & L Defendants took delivery of said Produce in this district.

## FACTUAL ALLEGATIONS

7.      Plaintiff sold to D & L Defendants and D & L Defendants purchased from Plaintiff, Produce having a current total aggregate value in the amount of $35,577.80[1], plus additional interest and collection costs, including attorneys' fees.

8.      The Produce identified above was sold pursuant to invoices issued by Plaintiff summarized in the chart attached hereto as Exhibit A .

9.      D & L Defendants, either directly or through their agents, received from the Plaintiff each of the invoices referenced in paragraph 8.

10.     Plaintiff tendered to D & L Defendants, either directly or through their agents, and D & L Defendants received and accepted, either directly or through their agents, the Produce identified in the invoices referenced in paragraph 8 at Plaintiff's offices.

11.     D & L Defendants failed to pay the Plaintiff for this Produce despite repeated demands.

12.     Plaintiff is an unpaid supplier or seller of Produce having sold Produce to D & L Defendants for which Plaintiff remains unpaid.

13.     Plaintiff operated its business under valid PACA licenses issued by the United States Department of Agriculture and its invoices contained the required statutory language, and

---

[1] All references to this amount include interest and estimated collection costs, including estimated attorney's fees, as shown in the chart attached as Exhibit A.

3

were tendered to D & L Defendants within the statutory time limits, sufficient to preserve Plaintiff's PACA trust rights.

14. Pursuant to PACA, 7 U.S.C. § 499e(c), the Plaintiff is a beneficiary of a statutory trust res designed as a fund from which it can be assured payment. The trust became effective at the time D & L Defendants first began accepting shipments of Produce.

## COUNT I.

### ENFORCEMENT OF THE PACA TRUST
7 U.S.C. § 499e(c)(4)

### D & L DEFENDANTS

15. Plaintiff re-alleges paragraphs 1 through 14.

16. D & L Defendants are in possession, custody and control of PACA trust assets for the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

17. D & L Defendants failed to pay Plaintiff from the PACA trust assets for the shipments of Produce referenced in paragraph 8.

18. D & L Defendants failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims such as the Plaintiff's unpaid claims asserted in this action.

19. As a direct result of D & L Defendants' failure to properly protect the PACA trust assets from dissipation, Plaintiff suffered damages, which are covered under the PACA trust in the current amount of $35,577.80, plus additional collection costs, including attorneys' fees.

20. Plaintiff seeks the entry of an Order directing D & L Defendants to immediately turn over to Plaintiff, as beneficiary of the PACA trust, an amount of the PACA trust res equal to the sum of $35,577.80, plus additional collection costs, including attorneys' fees.

## COUNT II.

### BREACH OF CONTRACT

### D & L

21.   Plaintiff re-alleges paragraphs 1 through 14.

22.   Plaintiff and D & L entered into contracts under which Plaintiff agreed to sell the Produce and D & L agreed to purchase the Produce, referenced in paragraph 8 above.

23.   D & L failed to pay for each shipment of Produce in the aggregate amount of $35,577.80, plus additional collection costs, including attorneys' fees.

24.   Plaintiff seeks entry of an Order directing D & L to immediately pay the current total sum of $35,577.80, plus additional collection costs, including attorneys' fees.

## COUNT III.

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

### D & L PRINCIPALS

25.   Plaintiff realleges paragraphs 1 through 14.

26.   At all times relevant to this action, D & L Principals were each a person in a position to control substantially all aspects of D & L's business undertakings.

27.   At all times relevant to this action, each D & L Principal was a person engaged in the business of buying or selling Produce.

28.   Each D & L Principal controlled and managed D & L's operations and had control over its financial dealings, including those involving PACA trust assets.

29.   Each D & L Principal had full knowledge and responsibility for the handling of D & L's PACA trust undertakings.

30. Each D & L Principal was a statutory trustee of Plaintiff's PACA trust assets and was required to maintain the trust assets in such a manner as to ensure there are, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as that owed to Plaintiff.

31. Because Plaintiff's invoices have not been paid from PACA trust assets as their respective bills fell due, Plaintiff has reason to believe the D & L Principals have dissipated the PACA trust or transferred trust assets to entities having claims which are subordinate to the Plaintiff's claims to the detriment of the Plaintiff and all other equally situated and properly qualified PACA trust beneficiaries.

32. D & L Principals continue to hold any and all PACA Trust assets having come into their individual possessions as trustees for Plaintiff's beneficial interest in the PACA Trust.

33. D & L Principals are each personally liable to Plaintiff, which liability is joint and several with one another, and any third parties having received any PACA trust assets with actual or constructive notice of the breach of the PACA Trust, for the dissipation of the PACA trust to the extent of $35,577.80, to be satisfied from the personal assets of each of the D & L Principals.

## COUNT IV.

### ENFORCEMENT OF THE PACA TRUST
7 U.S.C. § 499e(c)(4)

### GRECO DEFENDANTS

34. Plaintiff re-alleges paragraphs 1 through 14.

35. Upon information and belief, D & L was purchased by Greco, including all assets and liabilities, causing Greco to step into the shoes of D & L as PACA Trustee.

36. As successors to D & L Defendants, the Greco Defendants are in possession, custody and control of PACA trust assets for the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

37. As successors to D & L Defendants, Greco Defendants failed to pay Plaintiffs from the PACA trust assets for the shipments of Produce referenced in paragraph 8.

38. As successors to D & L Defendants, Greco Defendants failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims such as the Plaintiff's unpaid claims asserted in this action.

39. As a direct result of Greco Defendants' failure to properly protect the PACA trust assets from dissipation, Plaintiff suffered damages, which are covered under the PACA trust in the current amount of $35,577.80, plus additional collection costs, including attorneys' fees.

40. Plaintiff seeks the entry of an Order directing Greco Defendants to immediately turn over to Plaintiff, as beneficiary of the PACA trust, an amount of the PACA trust res equal to the sum of $35,577.80, plus additional collection costs, including attorneys' fees.

## COUNT V.

### BREACH OF CONTRACT

### GRECO

41. Plaintiff re-alleges paragraphs 1 through 14.

42. Plaintiff and D & L entered into contracts under which Plaintiff agreed to sell the Produce and D & L agreed to purchase the Produce, referenced in paragraph 8 above.

43. D & L failed to pay for each shipment of Produce in the aggregate amount of $35,577.80, plus additional collection costs, including attorneys' fees.

7

44. Upon information and belief, D & L was purchased by Greco, including all assets and liabilities, causing Greco to step into the shoes of D & L.

45. As successor to D & L, Greco is liable for the overdue payments for each shipment of Produce in the aggregate amount of $35,577.80, plus additional collection costs, including attorneys' fees.

46. Plaintiff seeks entry of an Order directing Greco to immediately pay the current total sum of $35,577.80, plus additional collection costs, including attorneys' fees.

## COUNT VI.

### BREACII OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

### GRECO PRINCIPALS

47. Plaintiff realleges paragraphs 1 through 14.

48. Upon information and belief, D & L was purchased by Greco, including all assets and liabilities, causing Greco to step into the shoes of D & L as PACA Trustee.

49. Greco Principals were each a person in a position to control substantially all aspects of Greco's business undertakings.

50. At all times relevant to this action, Greco operated its business under a valid PACA license, and each Greco Principal was a person engaged in the business of buying or selling Produce.

51. Each Greco Principal controlled and managed Greco's operations and had control over its financial dealings, including those involving PACA trust assets.

52. Each Greco Principal had full knowledge and responsibility for the handling of Greco's PACA trust undertakings.

53.     As successors to D & L Defendants, each Greco Principal was a statutory trustee of Plaintiff's PACA trust assets and was required to maintain the trust assets in such a manner as to ensure there are, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as that owed to Plaintiff.

54.     Because Plaintiff's invoices have not been paid from PACA trust assets as their respective bills fell due, Plaintiff has reason to believe the Greco Principals have dissipated the PACA trust or transferred trust assets to entities having claims which are subordinate to the Plaintiff's claims to the detriment of the Plaintiff and all other equally situated and properly qualified PACA trust beneficiaries.

55.     As successors to D & L Defendants, Greco Principals continue to hold any and all PACA Trust assets having come into their individual possessions as trustees for Plaintiff's beneficial interest in the PACA Trust.

56.     Greco Principals are each personally liable to Plaintiff, which liability is joint and several with one another, and any third parties having received any PACA trust assets with actual or constructive notice of the breach of the PACA Trust, for the dissipation of the PACA trust to the extent of $35,577.80,  plus additional interest and collection costs, including attorneys' fees, to be satisfied from the personal assets of each of the Greco Principals.

**FOR THESE REASONS,** Plaintiff seeks the entry of an Order providing as follows:

A)          As to Count I, directing the D & L Defendants to assign, transfer, deliver and turn over to Plaintiff, or a designated escrow agent, all of the above described PACA trust assets sufficient to allow liquidation of such assets to the extent necessary to replenish the PACA trust to a sufficient level to satisfy any and all qualified PACA trust claims.

B) As to Count I, entering a Final Judgment in favor of Plaintiff and against the D & L Defendants, on a joint and several basis with one another, in the current aggregate amount of $35,577.80, plus additional interest and collection costs, including attorneys' fees, less any actual recovery on other Counts herein;

C) As to Count II, entering a Final Judgment in favor of Plaintiff and against D & L in the current aggregate amount of $35,577.80, plus additional interest and collection costs, including attorneys' fees, less any actual recovery on other Counts herein;

D) As to Count III, entering a Final Judgment in favor of Plaintiff and against the D & L Principals, on a joint and several basis with one another, for a breach of their fiduciary duties to the PACA trust, in the current amount of $35,577.80, plus additional interest and collection costs, including attorneys' fees, less any actual recovery on other Counts herein;

E) As to Count IV, directing the Greco Defendants to assign, transfer, deliver and turn over to Plaintiff, or a designated escrow agent, all of the above described PACA trust assets sufficient to allow liquidation of such assets to the extent necessary to replenish the PACA trust to a sufficient level to satisfy any and all qualified PACA trust claims;

F) As to Count IV, entering a Final Judgment in favor of Plaintiff and against the Greco Defendants, on a joint and several basis with one another, in the current aggregate amount of $35,577.80, plus additional interest and collection costs, including attorneys' fees, less any actual recovery on other Counts herein;

G) As to Count V, entering a Final Judgment in favor of Plaintiff and against Greco in the current aggregate amount of $35,577.80, plus additional interest and collection costs, including attorneys' fees, less any actual recovery on other Counts herein;

H) As to Count VI, entering a final judgment in favor of Plaintiff and against the Greco Principals, on a joint and several basis with one another, for a breach of their fiduciary duties to the PACA trust, in the current amount of $35,577.80, plus

additional interest and collection costs, including attorneys' fees, less any actual

recovery on other Counts herein; and

I)        Providing such other relief this Honorable Court deems necessary.

Respectfully submitted,

THE AUSTER COMPANY, INC.

By: _____
One of Its Attorneys

David A. Adelman, Esq.
Gretchen Wehrenberg Stewart, Esq.
Jeffrey A. Soufal, Esq.
ADELMAN LAW OFFICES, P.C.
1320 Tower Road, Suite 114
Schaumburg, Illinois 60173
Tel: 847/301-4341

11

## PACA TRUST CHART

Claimant: The Auster Co.
Date: 08/24/06

Debtor: D & L Produce
Terms: Net 10 + 1.5% per month + Collection Costs

| INVOICE NUMBER | DATE OF TRANSACTION | PAYMENT DUE | NOTICE DATE | ELAPSED DAYS | INVOICE AMOUNT | CURRENT BALANCE | ACCRUED INTEREST** | TRANSACTION TOTAL | PACA TRUST AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| A669821 | 11/28/05 | 12/08/05 | 11/28/05 | 0 | $ 135.00 | $ 135.00 | $ 17.08 | $ 152.08 | $ 152.08 |
| A669940 | 11/28/05 | 12/08/05 | 11/28/05 | 0 | $ 1,679.50 | $ 1,679.50 | $ 212.44 | $ 1,891.94 | $ 1,891.94 |
| A665720 | 12/23/05 | 01/02/06 | 12/23/05 | 0 | $ 1,913.50 | $ 1,913.50 | $ 242.04 | $ 2,155.54 | $ 2,155.54 |
| A672516 | 12/23/05 | 01/02/06 | 12/23/05 | 0 | $ 758.50 | $ 758.50 | $ 95.94 | $ 854.44 | $ 854.44 |
| A665092 | 12/27/05 | 01/06/06 | 12/27/05 | 0 | $ 584.00 | $ 584.00 | $ 73.87 | $ 657.87 | $ 657.87 |
| A665758 | 12/27/05 | 01/06/06 | 12/27/05 | 0 | $ 1,367.00 | $ 1,367.00 | $ 172.92 | $ 1,539.92 | $ 1,539.92 |
| A666633 | 12/29/05 | 01/08/06 | 12/29/05 | 0 | $ 50.00 | $ 50.00 | $ 5.49 | $ 55.49 | $ 55.49 |
| A666909 | 12/29/05 | 01/08/06 | 12/29/05 | 0 | $ 840.00 | $ 840.00 | $ 92.27 | $ 932.27 | $ 932.27 |
| A703666 | 04/27/06 | 05/07/06 | 04/27/06 | 0 | $ 2,473.50 | $ 2,473.50 | $ 112.99 | $ 2,586.49 | $ 2,586.49 |
| A695048 | 05/19/06 | 05/29/06 | 05/19/06 | 0 | $ 2,200.00 | $ 2,200.00 | $ 100.49 | $ 2,300.49 | $ 2,300.49 |
| A694845 | 05/22/06 | 06/01/06 | 05/22/06 | 0 | $ 1,280.00 | $ 1,280.00 | $ 58.47 | $ 1,338.47 | $ 1,338.47 |
| A696807 | 05/24/06 | 06/03/06 | 05/24/06 | 0 | $ 2,682.50 | $ 2,682.50 | $ 122.53 | $ 2,805.03 | $ 2,805.03 |
| A696869 | 05/26/06 | 06/05/06 | 05/26/06 | 0 | $ 1,750.00 | $ 1,750.00 | $ 79.94 | $ 1,829.94 | $ 1,829.94 |
| A698060 | 05/26/06 | 06/05/06 | 05/26/06 | 0 | $ 100.00 | $ 100.00 | $ 4.57 | $ 104.57 | $ 104.57 |
| A689965 | 05/30/06 | 06/09/06 | 05/30/06 | 0 | $ 4,117.00 | $ 4,117.00 | $ 124.44 | $ 4,241.44 | $ 4,241.44 |
| A689922 | 05/31/06 | 06/10/06 | 05/31/06 | 0 | $ 1,725.00 | $ 1,725.00 | $ 52.14 | $ 1,777.14 | $ 1,777.14 |
| A689762 | 06/02/06 | 06/12/06 | 06/02/06 | 0 | $ 1,829.75 | $ 1,829.75 | $ 55.30 | $ 1,885.05 | $ 1,885.05 |
| A691346 | 06/02/06 | 06/12/06 | 06/02/06 | 0 | $ 4,338.50 | $ 4,338.50 | $ 131.13 | $ 4,469.63 | $ 4,469.63 |
| Collection Costs* | | | | | | | | $ 4,000.00 | $ 4,000.00 |
| TOTALS | | | | | $ 29,823.75 | $ 29,823.75 | $ 1,754.05 | $ 35,577.80 | $ 35,577.80 |

* Estimated Collection Costs
**Interest calculated through the date set forth above


EXHIBIT
A